JUN-28-2010 15:52                          P.03

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

June 17, 2010

American National Insurance Company      Certified Mail
1 Moody Plaza      Return Receipt Requested
Galveston, TX 77550      7009 2820 0003 2647 5438
NAIC # 60739      Cashier # 3760

Re:    Alvin Ray V. American National Insurance Company

      Docket # Ch-10-0797-2

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served June 10, 2010, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
     Shelby County
     140 Adams Street, Rm 308
     Memphis, Tn 38103

Corporate Compliance

JUN 22 2010

RECEIVED

EXHIBIT _A_

JUN-28-2010  15:52                                                                                  P.04

**Hold for Progressive PPS**                                                  **Hold for Progressive PPS**

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT AT<br>MEMPHIS | **SUMMONS** | DOCKET NUMBER<br>CH- 10-0797-2 |
|---|---|---|
| **Plaintiff**<br><br>Alvin Ray | **Defendant**<br><br>American National Insurance Co. | |

TO:  (NAME AND ADDRESS OF DEFENDANT)

American National Insurance Co.
c/o Tennessee Dept. of Commerce and Insurance
500 James Robertson Parkway
Davy Crockett Tower
Nashville, TN 37243-0565

Method of Service:

☒ Certified Mail
☐ Shelby County Sheriff
☐ Comm. Of Insurance*
☐ Secretary of State*
☐ Out of County Sheriff*
☒ Private Process Server
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Charles D. Wright<br>Cochran, Uhlmann, Abney, Duck & Wright<br>5050 Poplar Ave., Suite #1134<br>Memphis, TN 38157 | ISSUED ____ of May ____, 20 10<br><br>Dewun R. Settle, Clerk and Master<br>By: _____<br>        Deputy Clerk & Master |
|---|---|
| **TO THE SHERIFF:** | Came to hand<br><br>_____ day of _____, 20 _____<br><br>Sheriff |

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

                    ✆ For ADA assistance only, call (901) 379-7895

09/18/07

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

ALVIN RAY,

    Plaintiff,

v.                                                                NO. CH-10-0797-2

AMERICAN NATIONAL INSURANCE CO.

    Defendant.

---

COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE & BREACH OF CONTRACT

---

TO THE HONORABLE CHANCERY COURT JUDGES OF SHELBY COUNTY, TENNESSEE:

    Comes now the Plaintiff, Alvin Ray, and for cause of action against the Defendant, states as follows:

    1. That the Plaintiff is a resident citizen of Shelby County, Tennessee, and has been for all time periods relative herein.

    2. That the Defendant, American National Insurance Co., is a publically owned corporation, with its home office located in Galveston, TX, and is authorized to conduct business in the State of Tennessee, and has agents located in Shelby County, Tennessee.

    3. That on November 12, 1991, your Plaintiff was issued two (2) Disability Income policies from the Defendant's agent, Chris De Stanfanis, the policies bearing numbers 1001923 and 1007827.

    4. That for approximately seventeen (17) years, your Plaintiff made the premium payments by two (2) checks that were mailed to the Defendant in one (1) single envelope.

5. That on February 29, 2008, the Plaintiff/Insured mailed his checks #1409 and 1410 in the same envelope, for the usual premiums due on the respective policies.

6. That check #1409 cleared the Plaintiff's bank account, but check #1410, in the amount of $509.01, for policy #1001923, did not and has not cleared through the Plaintiff's bank account.

7. That on May 6, 2008, the Plaintiff's wife called the Defendant's customer service office about the premium check that never cleared the bank and was informed that "Everything was okay."

8. That on August 1, 2008, another call was placed by the Plaintiff's wife to the Defendant's customer service department, and was told that everything was okay since the Plaintiff has mailed two (2) more premium checks, #1524 for policy #1007872 and #1525 for policy #1001923, and, for the second time, check #1525 did not clear. Both checks were mailed, pursuant to usual procedure and custom, in the same envelope.

9. That on October 21, 2008, another call was made to the Defendant to inquire about the premium check #1525 that was not processed and cashed. Once again, the Plaintiff's wife was told that the subject check has not been posted but "Everything was okay." On the same date, the Defendant's local agent confirmed that all premiums were current.

10. That on February 20, 2009, your Plaintiff became disabled, filed a claim under both policies, written by the Defendant, and was informed that policy #1001923 had lapsed for non-payment of premium.

11. That, due to the Defendant's negligent, deliberate and intentional acts of failing to post and credit the Plaintiff's premium payments, on two (2) occasions, for policy #1001923, the policy lapsed, causing the Plaintiff extreme hardship and financial loss.

JUN-28-2010  15:53                                                                                       P.07

12. That the Defendant was guilty of negligence in failing to properly credit the accounts with the premium payment. Further, the Defendant breached the contract of insurance which the Plaintiff had paid on for seventeen years. That the Defendant made certain representations to the Plaintiff, such as the account was current, which representation the Plaintiff relied upon to their detriment. Therefore, the Defendant was guilty of negligent misrepresentation.

13. As a direct and proximate cause of the above acts of the Defendant, the Plaintiff has suffered damages including, but not limited to all premium payments made under said policy, and loss of the policy benefits, from the date of disability of February 20, 2009 until the present.

14. Plaintiff has made demand under the policy and Defendant has refused payment so that the statutory penalty under TCA § 56-7-105 applies in the amount of twenty-five percent (25%).

15. That the Defendant, and/or its agents, deliberately and arbitrarily refused to reinstate the policy after payment of premium was tendered by the plaintiff.

16. That Defendant's acts, as outlined above, constitute acts of fraud, misrepresentation and bad faith, giving Plaintiff entitlement to punitive damages against the Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, demands judgment against the Defendant as follows:

1. Reinstatement of policy #1001923, effective as of the "lapse date" of March 1, 2008.

2. Payment for disability for period February 20, 2009 to present at the maximum amounts provided by the insurance contract.

3. And, in the alternative, restitution in the form of a return of the premium paid to the defendant for seventeen (17) years at the rate of $1,636.46 annually, a total of $27,819.82.

JUN-28-2010  15:53                                                              P.08

4. For bad faith damages in the amount of the statutory penalty pursuant to TCA § 56-7-105.

And for such other and further damages and relief as may be determined by a trial of this cause.

Respectfully submitted,

Cochran, Uhlmann, Abney, Duck & Wright

By: *[signature]*

Charles D. Wright #8346
Robert F. Uhlmann #4440
Attorneys for Plaintiff
5050 Poplar Ave., Suite #1134
Memphis, TN 38157
(901)525-2426